MANDELBAUM SALSBURG
LAZRIS & DISCENZA
155 Prospect Avenue
West Orange, New Jersey  07052
973-736-4600
David A. Ward, Esq.
*Attorneys for Defendants, Experience*
*Hendrix LLC and Janie Hendrix*

SHUKAT ARROW HAFER WEBER
 & HERBSMAN, LLP
111 West 57th Street, Suite 1120
New York, New York  10019
212-245-4580
Dorothy M. Weber, Esq.
*Attorneys for Defendants, Experience*
*Hendrix LLC and Janie Hendrix*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X
LONNIE YOUNGBLOOD,

        Plaintiff,

    -against-

MARTIN SCORSESE, EXPERIENCE
HENDRIX LLC, JANIE HENDRIX
AND MCA RECORDS, INC.,

        Defendants.
------------------------------------------------------X
EXPERIENCE HENDRIX, LLC,

       Third Party Plaintiff,

   -against-

MAY THOMAS,

       Third Party Defendant.
------------------------------------------------------X

Case No. 2:10-cv-02172 (DMC)
(JAD)

**ANSWER, AFFIRMATIVE
DEFENSES,
COUNTERCLAIMS, THIRD
PARTY COMPLAINT, AND
JURY DEMAND OF
DEFENDANT
EXPERIENCE HENDRIX,
LLC.**

Defendant, Experience Hendrix LLC ("Experience"), by its attorneys, Mandelbaum, Salsburg, Lazris & Discenza and Shukat Arrow Hafer Weber & Herbsman LLP, hereby answers the Complaint of Lonnie Youngblood ("Plaintiff") dated April 29, 2010 as follows:

## PARTIES

1.      Experience admits the allegations contained in paragraph 1 of the Complaint.

2.      Experience denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.      Experience denies the allegations contained in paragraph 3 of the Complaint, but admits that the Experience Hendrix L.L.C.'s address is 14501 Interurban Avenue South, Seattle Washington 98168.

4.      Experience admits the allegations contained in paragraph 4 of the Complaint.

5.      Experience denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Experience admits the allegations contained in paragraph 6 of the Complaint.

7.      Experience denies the allegations contained in paragraph 7 of the Complaint.

1

## FACTS

8.      Experience admits the allegations contained in paragraph 8 of the Complaint.

9.      Experience admits the allegations contained in paragraph 9 of the Complaint, except deny that Youngblood solely composed the composition. Plaintiff's allegations constitute admissions that the works were works of joint authorship.

10.      Experience denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.      Experience denies the allegations contained in paragraph 11 of the Complaint.

12.      Experience denies that the work "Georgia Blues" (described by Youngblood as "Mother Mother") is a work of sole authorship by Youngblood and Thomas.

13.      Experience denies the allegations contained in paragraph 13 of the Complaint.

14.      Experience denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15.      Experience admits that an album entitled "Martin Scorsese Presents the Blues – Jimi Hendrix", which included a song entitled "Georgia Blues", was released and distributed but except as thus expressly admitted, denies knowledge or

information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16.     Experience denies the allegations contained in paragraph 16 of the Complaint.

17.     Experience denies the allegations contained in paragraph 17 of the Complaint.

18.     Experience admits that the album entitled "Martin Scorsese Presents the Blues – Jimi Hendrix", which included a song entitled "Georgia Blues" was released and distributed, but except as thus expressly admitted, denies the allegation contained in paragraph 18 of the Complaint.

19.     Experience denies the allegations contained in paragraph 19 of the Complaint.

20.     Experience denies the allegations contained in paragraph 20 of the Complaint.

## CAUSE OF ACTION

## <u>COUNT I – COPYRIGHT INFRINGEMENT</u>

21.     Answering paragraph 21 of the Complaint, Experience repeats and realleges it's responses to paragraphs 8 through 20 as though fully set forth herein.

22.     This paragraph sets forth a legal argument which may or may not be correct, but as to which no response is required.

23.     Experience admits that the album entitled "Martin Scorsese Presents the Blues – Jimi Hendrix", which included a song entitled "Georgia Blues" was

released, distributed and displayed, but except as thus expressly admitted, denies the allegations contained in paragraph 23 of the Complaint.

24.     Experience denies the allegations contained in paragraph 24 of the Complaint.

25.     Experience denies the allegations contained in paragraph 25 of the Complaint.

## COUNT II – INJUNCTIVE RELIEF

26.     Answering paragraph 26 of the Complaint, Experience repeats and realleges it's responses to paragraphs 8 through 20 as though fully set forth herein.

## COUNT III – EXEMPLARY DAMAGES

27.     Answering paragraph 27 of the Complaint, Experience repeats and realleges it's responses to paragraphs 8 through 26 as though fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his unclean hands and/or breach of duty.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the principles of waiver and/or estoppel and by plaintiff's acquiescence in the conduct about which he complains.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

In the event of a finding of infringement, which is denied, any such infringement by Experience Hendrix, LLC. is as an innocent infringer.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted against Co-Defendants MCA Records, Inc., Janie Hendrix and Martin Scorsese cannot properly proceed until a determination of ownership of the underlying musical composition.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff engaged in a fraud on the Copyright Office by virtue of the misrepresentations on the application for registration.

## NINTH AFFIRMATIVE DEFENSE

In the alternative, Plaintiff is precluded from asserting infringement claims against Experience or its licensees. If the work at issue is a work of joint authorship, the grant of a non-exclusive license does not constitute an act of infringement.

**WHEREFORE**, Experience prays for judgment dismissing the Complaint with prejudice and with costs and attorney's fees and such other relief as is proper.

## COUNTERCLAIMS/THIRD PARTY COMPLAINT

Experience Hendrix, L.L.C. (previously and hereinafter referred to as "Experience") by its attorneys, Mandelbaum Salsburg and Shukat Arrow Hafer Weber & Herbsman, LLP, by way of counterclaim against plaintiff/counterclaim defendant Lonnie Youngblood (previously and hereinafter referred to as "Youngblood"), and by way of third-party complaint against third party defendant May Thomas ("Thomas"), alleges upon knowledge and belief as to their own acts and upon information and belief as to the acts of all others, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Experience is a limited liability corporation incorporated under the laws of the State of Washington.  Experience is the assignee of the Estate of Jimi Hendrix, and the proprietor of most of the intellectual property rights relating to a vast catalog of musical compositions owned and created by the late Jimi Hendrix. By virtue of this chain of title, Experience is owner and copyright proprietor in and to the master recording of "Georgia Blues" (the "Hendrix Master") and the owner and sole copyright proprietor in and to the musical composition "Georgia Blues" ("Mother Mother").

2.      Youngblood is an individual with a primary residence 2000 Hoefleys Lane, Fort Lee, NJ 07024.

6

3.     On information and belief, Thomas is Youngblood's wife and is an individual residing at 2000 Hoefleys Lane, Fort Lee, NJ 07024.

## STATEMENT OF CLAIM

4.     This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has federal question jurisdiction in this matter in that Experience seeks damages and injunctive relief against Youngblood and Thomas the named defendants herein under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201, 2202. The Court has supplemental jurisdiction over any claims asserted herein which arise under state law in that such claims flow from a common nucleus of operative facts. The claims include without limitation, claims seeking a determination of ownership, imposition of a constructive trust and of an accounting.

5.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b).

## BACKGROUND FACTS
## The Legacy of Jimi Hendrix

6.     Widely recognized as one of the most creative and influential musicians of the 20th century, Jimi Hendrix pioneered the explosive possibilities of the electric guitar. Hendrix's innovative style of combining fuzz, feedback and controlled distortion created a new musical form. *Are You Experienced*, remains one

of the most popular rock albums of all time, featuring "Purple Haze," "The Wind Cries Mary," "Foxy Lady," "Fire," and "Are You Experienced?"

7.    Subsequent to his amazing success in Europe, Hendrix's performance at the 1967 Monterey Pop Festival made him a star in the United States. Hendrix famously headlined the 1969 Woodstock Festival.

8.    Jimi Hendrix's meteoric rise was cut tragically short by his untimely death at the age of 27.

9.    From demo recordings to finished masters, Jimi Hendrix generated an amazing collection of songs over the course of his short career. The music of Jimi Hendrix embraced the influences of blues, ballads, rock, R&B, and jazz comprising a collection of styles that continue to influence a host of modern musicians, from George Clinton to Miles Davis, and Steve Vai to Jonny Lang - and make Hendrix one of the most popular figures in the history of rock music. Primarily known for his virtuoso guitar playing and vocals, Hendrix was also an accomplished drummer, bassist, keyboard player and percussionist.

10.    In March, 1969 Hendrix produced and recorded, at his sole cost, expense and instance, a two-day session at the Record Plant Studio in New York City. Numerous musical compositions were created by Hendrix during that session which included performances by numerous side men and session musicians, such as Youngblood. The Musical Composition and the Hendrix Master produced the material which is contained on "Martin Scorsese Presents The Blues: Jimi Hendrix". Youngblood, as a judicial admission, acknowledges that Hendrix acted as

director and producer of the song "Georgia Blues" ("Mother Mother") (the "Musical Composition").

11.   Since it was created in 1969, the sound recording of the Musical Composition (the "Hendrix Master") has been in the sole and exclusive possession, custody and control of Jimi Hendrix, and his assignees, now Experience.

12.   Hendrix did more than direct and co-produce the musical composition: the Musical Composition and the Hendrix Master are uniquely and solely the creation of Jimi Hendrix. [1]

## COUNT I

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201 OF OWNERSHIP IN THE MUSICAL COMPOSITION

### (AGAINST YOUNGBLOOD AND THOMAS)

13.   Experience repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this third party complaint/counterclaims with the same force and effect as if fully set forth herein.

14.   Contrary to the assertion in Registration No. PAu2-640-170 (the "Registration"), annexed to the Complaint as Exhibit "A", The Musical Composition. Jimi Hendrix was the author and the owner of the copyrighted work as provided for by the Copyright Act and common law.

---

[1] Youngblood's claims in his complaint constitute a judicial admission that he is a joint author of the Musical Composition.

15      Upon information and belief, Youngblood and Thomas were aware of Experience's ownership interest in the Musical Composition and failed to apprise the Registrar of Copyrights of that fact. The foregoing conduct of Youngblood and Thomas in filing said certificate for "Georgia Blues" is in direct conflict with the ownership rights of Experience. The statements in the certificate also falsely state that the sound recording and/or musical compositions were "created" in 2002 and conspicuously fail to identify the sound recording as a 1969 Master. [2]

16.     Youngblood and Thomas have wrongfully deprived Experience of its rightful shares of royalties and other benefits associated with the licensing, publishing and other rights in and to the Musical Composition. Experience filed a copyright registration in the Musical Composition in June, 2003, Registration Pau 2-717-634.

17.     By reason of the foregoing, a justifiable controversy exists between the parties concerning ownership, co-authorship and royalty distribution rights with respect to the musical composition, "Georgia Blues," and Experience is entitled to a declaratory judgment determining:

(i)     that the late Jimi Hendrix was the sole author of the Musical Composition; and Experience is entitled to and shall receive, royalties with respect thereto, as well as any work derivative thereof, collected

_____

[2] This is a material misrepresentation since pre-1972 sound recordings were not subject to federal copyright protection.

by or to be collected by the defendants from the date of the initial creation of the song and any further renewal or derivative thereof; and

(ii)     that Youngblood and Thomas have no rights in and to the Musical Composition.

## COUNT II

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201 OF OWNERSHIP OF THE HENDRIX MASTER

### (AGAINST YOUNGBLOOD AND THOMAS)

18.     Experience repeats and realleges each and every allegation contained in paragraphs 1 through 17 of this third party complaint/counterclaims as if fully set forth herein.

19.     The master recording of the song "Georgia Blues" was recorded and produced at the instance, expense and direction of the late Jimi Hendrix (the "Hendrix Master"). Jimi Hendrix owned the Hendrix Master, which is now the sole and exclusive property of Experience. All rights in and to the Hendrix Master are evidenced by copyright registration SRu 494-629.

20.     Since it was created, the Hendrix Master has been in the sole possession of Jimi Hendrix, and now Experience.

21.     Neither Hendrix nor Experience has ever entered into an agreement or license with Youngblood or Thomas permitting either to claim or otherwise authorizing either to exploit the Hendrix Master.

11

22.    Upon information and belief, Youngblood and Thomas have been using and exploiting the Hendrix Master in violation of Experience's rights.

23.    By reason of the foregoing, a justifiable controversy exists between the parties and Experience is entitled to a judicial declaration clarifying and declaring that Jimi Hendrix was the author and copyright owner of the performance contained in the Hendrix Master initially fixed prior to February 15, 1972, that Experience is the owner of those rights and pursuant to the common law, Youngblood's and Thomas' failure to fully account to Experience for all gains, proceeds, income, profits, royalties, fees, licenses, advantages and any other compensation derived by Youngblood and Thomas from the sale, transmission or any other medium of distributing the Hendrix Master violates Experience's rights under the common law.

## COUNT III

### CONVERSION

### (AGAINST YOUNBLOOD AND THOMAS)

24.    Experience repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this third-party complaint/counterclaims with the same force and effect as if fully set forth herein.

25.    Youngblood and Thomas, upon information and belief, through misrepresentation, use and exploitation of the Hendrix Master, have deprived

Experience of the possession of the Hendrix Master, thereby misappropriating and converting Experience's property to their own use, benefit and profit.

26.    Youngblood and Thomas' unlawful exercise of dominion and control over Experience's property constitutes a conversion or wrongful misappropriation which has caused injury to Experience.  As a direct result of the foregoing, Experience has been damaged in an amount which is not known at this time, but which will be proven at trial.

27.    The actions of Youngblood and Thomas described above were done with the intent to harm Experience, entitling Experience to additional punitive damages in an amount to be determined by the Court, including costs, attorneys fees and interest as permitted by law.

## COUNT IV

## REPLEVIN

## (AGAINST YOUNGBLOOD AND THOMAS)

28.    Experience repeats and realleges the allegations contained in paragraphs 1 through 27 of this third party complaint/counterclaim with the same force and effect as if fully set forth herein.

29.    Experience is the owner of the Hendrix Master and, at a minimum, possesses rights of ownership and title in and to the Hendrix Master which are superior to any rights of Youngblood and Thomas and, accordingly, Experience is lawfully entitled to immediate possession thereof.

30.     Upon information and belief, Youngblood and Thomas are in wrongful possession of the Hendrix Master and are wrongfully detaining the Hendrix Master (and/or derivative copies) in violation of Experience's rights.

31.     Unless and until the Hendrix Master Recording is returned to its true owner, Experience's rights thereto will continue to be harmed.

32.     Experience has no adequate remedy at law.


## COUNT V

## UNJUST ENRICHMENT

## (AGAINST YOUNGBLOOD AND THOMAS)

33.     Experience repeats and realleges the allegations contained in paragraphs 1 through 32 of this third party complaint/counterclaim with the same force and effect as if fully set forth herein.

34.     As a direct result of their fraudulent conduct, misrepresentations, conversion of the Musical Composition and Hendrix Master, Youngblood and Thomas have been unjustly enriched, at the expense of Experience, in an amount of which is unknown at this time, but the precise amount of which will be proved at trial, as well as costs, including attorneys fees and interest as permitted by law.

## COUNT VI

### DECLARATORY JUDGMENT OF INVALIDITY OF THE YOUNGBLOOD/THOMAS REGISTRATION PURSUANT TO § 411(b) OF THE COPYRIGHT ACT

35.     Experience repeats and re-alleges the allegations contained in paragraphs 1 through 34 of its third party complaint/counterclaims with the same force and effect as if fully set forth herein.

36.     The Registration PAu2 640-170 contains inaccurate information regarding the creation ownership of the Hendrix Master (the "Youngblood/Thomas Registration").

37.     Youngblood and Thomas knowingly included inaccurate information in their application for the Registration.

38.     If the Youngblood/Thomas Register of Copyrights had known of the inaccuracy of the information, it would have refused registration.

39.     The Youngblood/Thomas Registration does not satisfy the registration requirements of section 411 of the Copyright Act.

40.     Experience's rights are negatively affected by the Registration insofar as Youngblood and Thomas are attempting to use the Youngblood/Thomas Registration as a basis for prosecuting a legal claim against Experience.

## COUNT VII

## ACCOUNTING

## (AGAINST YOUNGBLOOD AND THOMAS)

41.     Experience repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this third party complaint/counterclaims with the same force and effect as if fully set forth herein.

42.     By reason of the acts complained of herein, Experience is entitled to a judgment:

(i)     directing Youngblood and Thomas to account to Experience for all royalties, payments and any other benefits they have received, individually and collectively, with respect to both the Musical Composition and Hendrix Master, and directing Youngblood and Thomas to turn over to Experience their rightful shares of all such royalties, payments and other benefits; and

(ii)    directing the defendants to account to the plaintiffs for all publishing royalties, payments and other benefits received by it with respect to both the Musical Composition and Hendrix Master and directing Youngblood and Thomas to turn over to Experience their rightful share of same.

**WHEREFORE**, Experience demands judgment against Youngblood and Thomas, jointly and severally, as follows:

1.     On Count I of this third party complaint/counterclaim, awarding Experience a declaratory judgment determining:

(i)     that the late Jimi Hendrix was the author of the Musical Composition, and Experience is entitled to and shall receive all royalties with respect thereto, as well as any work derivative thereof, collected by or to be collected by the defendants from the date of the initial creation of the song and any further renewal or derivative thereof; and

(ii)    that Youngblood and Thomas have no right, to enter into or cause to be signed any license or other contract concerning the Musical Composition.

2.     On Count II of this third party complaint/counterclaims, a declaratory Judgment determining that Jimi Hendrix was the author and copyright owner of the performance contained in the Hendrix Master initially fixed prior to February 15, 1972, that Experience is the owner of those rights and pursuant to the common law, Youngblood's and Thomas' failure to fully account to Experience for all gains, proceeds, income, profits, royalties, fees, licenses, advantages and any other compensation derived by Youngblood and Thomas from the sale, transmission or any other medium of distributing the Hendrix Master violates Experience's rights

under the common law. Experience is the owner of all title and rights in and to the Hendrix Master.

3.      On Count III and IV, an order restraining and enjoining Youngblood and Thomas, barring any sale, transfer, lease, license or encumbrance affecting the Hendrix Master, or any interest therein; that Experience be awarded judgment for possession of the Hendrix Master and any derivatives in Youngblood and Thomas's possession, and that all Court costs be taxed to Youngblood and Thomas, jointly and severally.

4.      On count V, for an order entering judgment in favor of Experience and against Youngblood and Thomas for damages in an amount to be provided at trial.

5.      On Count VI of this third party complaint/counterclaims:

(i)      granting Experience declaratory judgment that (a) the Registration does not satisfy the registration requirements of the Copyright Act; and (b) neither Youngblood nor Thomas may institute a civil action for infringement of the song "Georgia Blues", pursuant to § 411(a) of the Copyright Act;

(ii)     Pursuant to 17 U.S.C. §410, cancelling plaintiff's Copyright Registration PA 988-9393;

(iii)    awarding Experience its costs of suit, including attorneys' fees, pursuant to 17 U.S.C § 505 and;

(iv)    granting Experience such other and further relief as this Court deems just and proper.

6.    On Count VII of this third party complaint/counterclaim, awarding Experience a judgment

(i)    directing Youngblood and Thomas to account to Experience for all royalties, payments and any other benefits they have received, individually and collectively, with respect to the Musical Composition and directing Youngblood and Thomas to turn over to Experience its rightful shares of all such royalties, payments and other benefits; and

(ii)    directing Youngblood and Thomas to account to Experience for all royalties, payments and other benefits received by them with respect to exploitation of the Hendrix Master of judgment and directing Youngblood and Thomas to turn over to Experience their rightful share of same.

7.    Awarding Experience the costs and disbursements of this action, its reasonable attorneys' fees to the extent allowable under law, and such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Experience hereby demands a trial by jury on all issues so triable.

Dated:     New York, New York
              October 12, 2010

                       MANDELBAUM SALSBURG
                       LAZRIS & DISCENZA


                 By:    */s/ David A. Ward*
                       David A. Ward, Esq.
                       155 Prospect Avenue
                       West Orange, New Jersey  07052
                       973-736-4600
                       Attorneys for Plaintiff, Experience
                       Hendrix LLC



                       SHUKAT ARROW HAFER WEBER
                       & HERBSMAN, LLP

                       Dorothy M. Weber, Esq.*
                       111 West 57th Street, Suite 1120
                       New York, New York  10019
                       212-245-4580
                       Attorneys for Plaintiff, Experience
                       Hendrix, LLC
                       * awaiting admission pro hac vice

20